IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAFAEL FIGUEROA VILLANUEVA; | § | |
|     Plaintiff, | § | |
| | § | |
| | § | |
| VS. | § | CIVIL CASE NO. 26-4409 |
| | § | |
| | § | |
| UNITED STATES OF AMERICA; | § | |
|     Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE COURT:**

Comes Now, Rafael Figueroa Villanueva ("Plaintiff"), and files this Original Petition complaining of and against United States of America ("Defendant"), and would respectfully show the Court as follows:

### I. DISCOVERY LEVEL

Plaintiff seeks monetary relief over $1,000,000.00 and a demand for judgment for all the other relief to which Plaintiff deems herself entitled.

Plaintiff intends to conduct discovery in this matter under Level 3 of Texas Rule of Civil Procedure 190.4.

### II. PARTIES

1.    Plaintiff Tammy Guzman is a resident of Harris County, Texas.

2.    Defendant United States of America owns the vehicle that was driven by one of its employees. Defendant United States of America may be served with process via certified mail at - - United States Attorney's Office; Alamdar S. Hamdani at 1000 Louisiana Street, Suite 2300, Houston, Texas 77002 and via email USATXS.CivilNotice@usdoj.gov. Service on Defendant is

hereby requested at this time.

### III. NOTICE

3.      On or about October 9, 2024, Plaintiff provided notice to Defendant United States of America of the claims herein sued upon by submitting a Standard Form 95 by Certified Mail Express Delivery to the United States by serving the United States Postal Service–Houston District Tort Claims office.  Said notice was received by the United States on or about October 21, 2024, and receipt of same has been acknowledged.  Pursuant to the Federal Tort Claims Act, Plaintiff files this suit after the expiration of six months of receipt of Plaintiff's notice and within the two years after the incident that makes the basis occurred.

### IV. JURISDICTION AND VENUE

4.      This Court has jurisdiction in this case pursuant to the Federal Tort Claims Act, Title 28, U.S.C. 2674 because the United States of America is a Defendant herein.

5.      Plaintiff's damages are in excess of the minimum jurisdictional limits of the Court.

6.      Venue of this case is proper in the Houston Division of the Southern District of Texas because the incident made the basis of this suit occurred in Harris County, Texas, located within the boundaries of the Houston Division of the Southern District of Texas.

### V. FACTUAL BACKGROUND

7.      The collision occurred on October 8, 2024, in Harris County, Texas.

8.      Defendant's employee, Errol Summons, was operating a 1994 Grumman LLV USPS mail truck while in the course and scope of his employment with Defendant United States of America.

9.      Plaintiff Rafael Figueroa Villanueva was the driver of a 2008 Ford F-250 traveling southbound on Sjolander Road. Defendant's employee failed to yield the right of way while exiting a private driveway striking Plaintiff's vehicle.

10.    As a result of the collision, Plaintiff sustained bodily injuries and damages.

### VI. CAUSES OF ACTION

11.    Plaintiff incorporates each and every allegation set forth in paragraph 7 – 10 as if set forth fully herein.

12.    At the time of the incident in question, Defendant's driver was operating his vehicle negligently.  Specifically, Defendant's driver had a duty to exercise ordinary care and operate his vehicle reasonably and prudently.   Mr. Summons breached that duty in one or more of the following respects:

A.    In failing to yield the right of way exiting a private driveway;

B.    In being attentive;

C.    In failing to keep a proper lookout;

D.    In failing to timely apply his brakes;

E.    In failing to take proper evasive action;

F.    In failing to keep said vehicle under reasonable and proper control; and

G.    In failing to obey the statutes of the State of Texas, Federal Motor Carrier Safety Regulations and the Official MTO Truck Handbook as they pertain to the operation of a commercial motor vehicle.

13.    Each of the above and foregoing acts and omissions, singularly or in combination, constituted the negligence that was the proximate cause of the motor vehicle collision and consequently the injuries and damages of Plaintiff.

### VII. DAMAGES

14.    Because of the actions and conduct of Defendant set forth above, Plaintiff suffered bodily injuries and damages. By reason of those injuries and the damages flowing in law therefrom, this suit is maintained.

15.    Because of the nature and severity of the injuries Plaintiff sustained, he has suffered

physical pain, mental anguish, physical impairment and disfigurement, and in reasonable probability, will continue to suffer physical pain, mental anguish, physical impairment and disfigurement into the future.

16.    The injuries sustained by Plaintiff have required medical treatment in the past and, in reasonable probability, will require other and additional medical treatment in the future.  Charges incurred by Plaintiff for such medical treatment in the past and those which will in reasonable probability be incurred in the future have been and will be reasonable charges made necessary by the incident in question.

17.    As a direct and proximate result of the injuries, Plaintiff has a loss of wages in the past and future. To compensate for this loss, she seeks recovery of past and future lost wages.

18.    As a proximate result of Defendant's negligence in causing the collision, Plaintiff's vehicle was heavily damaged. Plaintiff hereby makes his claim for:

      a.    The cost of repair to the vehicle;

      b.    The diminished value of the vehicle; and

      c.    The loss of use of the vehicle.

or, in the alternative, the fair market value of the vehicle, plus the loss of its use.

19.    Alternatively, if it is shown that Plaintiff prior to the occurrence had pre-existing medical, physical and/or psychological conditions, he has sustained aggravation of such pre-existing medical, physical and/or psychological conditions.  More particularly, if the evidence demonstrates that prior to the occurrence in question Plaintiff had pre-existing conditions, such conditions at the time of the occurrence were latent, controlled and/or non-debilitating.

20.    The occurrence and conduct of Defendant, by and through its employees, has aggravated and accelerated such conditions and/or made Plaintiff more vulnerable or predisposed to subsequent

injury and to the effects of subsequent stressors and injuries. Further, as a consequence of Plaintiff's injuries caused by Defendant, Plaintiff has been made more vulnerable and pre-disposed to subsequent further injury, aggravation of the injuries resulting from the occurrence in question, and to the effects of subsequent stressors. He also has sustained additional mental anguish because of this increased vulnerability, which in reasonable probability he will experience for the remainder of his life.

## VIII. PRE-JUDGMENT INTEREST

Plaintiff would additionally say and show that he is entitled to recovery of pre-judgment interest in accordance with law and equity as part of his damages herein, and Plaintiff here and now sues for recovery of pre-judgment interest as provided by law and equity under the applicable provisions of the laws of the State of Texas.

## IX. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon final trial, Plaintiff recovers actual damages as specified above from Defendant, plus costs of Court, pre-judgment and post-judgment interest at the legal rate, and have such other and further relief, general and special, at law and in equity, to which Plaintiff may be justly entitled under the facts and circumstances.

Respectfully Submitted,

**LAW OFFICES OF DOMINGO GARCIA, L.L.P.**

12929 Gulf Freeway
Houston, Texas 77034
Telephone: (713) 349-1500
Facsimile: (713) 432-7785

*/s/ Joel Joseph*
Joel Joseph
State Bar No. 24106153
Federal Bar No: 3843114
jjoseph@millerweisbrod.com

**ATTORNEY FOR PLAINTIFF**